UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANDMARK FINANCIAL
SOLUTIONS, LLC,

      Plaintiff,

v.                                     Case No:   2:13-cv-214-FtM-38CM

ALEXANDRA SANCHEZ,
GREGORIO SANCHEZ, ARROW
FINANCIAL SERVICES LLC and
SUNTRUST BANK,

      Defendants.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Entry of Default Against the Defendants (Doc. 22), filed on February 25, 2014. Plaintiff moves pursuant to Rule 55(a), Federal Rules of Civil Procedure, for entry of a Clerk's default against Defendants for failure to answer or otherwise respond to Plaintiff's Complaint.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).   Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effectuated service of process.  *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

The Florida Rules of Civil Procedure provide that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. Section 48.031, Florida Statutes, provides that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a Registered Agent of the Corporation, or an employee of the Registered Agent. *Id.* § 48.081(3)(a). Similarly, section 48.062, Florida Statutes, provides that process against a limited liability company may be served upon the company's Registered Agent or an employee of the Registered Agent. Fla. Stat. § 48.062(1).

In support of its Motion, Plaintiff notes that all Defendants have been served and have failed to file a responsive pleading. An Affidavit of Process Server, filed on March 27, 2013, reflects that Defendant Alexandra Sanchez was individually served with the Summons and Complaint on March 18, 2013, with service effected at 104 Andros Street, Lehigh Acres, FL 33936. Doc. 4 at 1. A separate Affidavit of Process

Server, filed on March 27, 2013, reflects that Defendant SunTrust Bank was served with the Summons and Complaint on March 21, 2013, with corporate service effected upon Keisha Robinson as Paralegal of Registered Agent Laurie A. Pennington, 200 South Orange Avenue, Orlando, FL 32801.  Doc. 5 at 1.  A third Affidavit of Process Server, filed on July 1, 2013, reflects corporate service upon Defendant Arrow Financial Services, LLC, with copies of the Summons and Complaint delivered to CT Corporation System, Lourdes Vina[1] as Clerk, 208 LaSalle Street, Chicago, IL 60604. Doc. 12 at 1.

After a previous motion for default against Defendant Gregorio Sanchez was denied by this Court for improper service, Doc. 17, Plaintiff filed a Return of Service as to Defendant Gregorio Sanchez on January 17, 2014.  Doc. 18.  As part of that document, Plaintiff filed a sworn Affidavit of Service from its process server that the Alias Summons and Complaint were delivered "to:  Martin Mendiez as co-resident at the address of: 11487 Orange Blossom Drive, Bonita Springs, FL 34135, the within named person's usual place of Abode. . . ."  *Id.* at 1.  Affidavits by process servers constitute a *prima facie* showing that defendants have been served.  *See Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012).  Service of process was therefore properly effectuated as to all Defendants under Rule 4(e)(2)(B) and (h)(1), Federal Rules of Civil Procedure.

---

[1] This appears to be the name indicated on the Process Server's Affidavit, to the best of the Court's ability to read his handwriting.

To date, none of the Defendants have filed a responsive pleading, and entry of a Clerk's default is appropriate in this case.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Clerk's Entry of Default Against the Defendants (Doc. 22) is **GRANTED**.

2. The Clerk is directed to enter Clerk's default against Defendant Alexandra Sanchez, Defendant Gregorio Sanchez, Defendant Arrow Financial Services, LLC, and Defendant SunTrust Bank.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of February, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record