UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANDMARK FINANCIAL SOLUTIONS, LLC,

      Plaintiff,

v.                                                Case No:   2:13-cv-214-FtM-38CM

ALEXANDRA SANCHEZ, GREGORIO SANCHEZ, ARROW FINANCIAL SERVICES LLC and SUNTRUST BANK,

      Defendants.
_____/

**<u>ORDER</u>[1]**

      This matter comes before the Court on Plaintiff, Landmark Financial Solutions, LLC's Motion to Confirm Foreclosure Sale (Doc. #29) filed on October 3, 2014.  The Court having considered the Motion and pertinent portions of the record, finds that a hearing is not required.  The Motion is unopposed.

      In this residential foreclosure, Plaintiff held a promissory note in the amount of $160,000.00, for which the Property was secured as collateral, per a mortgage executed

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

on May 3, 2006, by the Sanchez Defendants, recorded on May 16, 2006, Lee County Instrument No. 2006000199363, described as:

> Lot 5, Block 95, Lehigh Acres Unit 14, Section 29, Township 44, South Range 26, according to the map or plat thereof, as recorded in Plat Book 26, Page 49, Public Records of Lee County, Florida. Address: 4909 Bywood Street, Lehigh Acres, Florida 33971

In the Decree of Foreclosure and Order of Sale (Doc. #26), the Court appointed the Court appointed Mediation Inc. and/or Attorney James Chaplin, and/or his designee as Special Master, which was authorized and directed to offer and sell the Property, its improvements, buildings, fixtures, and appurtenances for public sale, at the Lee County Courthouse at the usual hour and location for public sale, following complete publication of the advertisement, following notice of the public sale of the Property, to be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Lee County, Florida.

As shown by Plaintiff's motion to confirm the sale, the Property was advertised for sale for four consecutive weeks prior to the sale and the Special Master conducted the sale on July 8, 2014.  The assignee of Plaintiff's bid, Florida Holdings 2204636, LLC purchased the property for a credit bid of $100.00, as shown by a precise copy of the Special Master's Report of Sale.

As established by the United States Supreme Court, confirmation of the sale is required as "a bidder at a sale by a master, under a decree of court, is not considered a purchaser until the sale is confirmed." Ballentyne v. Smith, 205 U.S. 285, 288, 27 S. Ct. 527, 51 L. Ed. 803 (1907). As shown by the record, Plaintiff is entitled to an order confirming the foreclosure sale, including conveyance of the Property to Florida Holdings

2204636, LLC, to whom Plaintiff assigned its bid.  Plaintiff withdrew Count III of the Complaint and so Count III is moot.

Accordingly, it is now

**ORDERED:**

Plaintiff, Landmark Financial Solutions, LLC's Motion to Confirm Foreclosure Sale ([Doc. #29](#)) is **GRANTED**.

(1) Per Count I of the Complaint, as provided by the Decree, per [Fed. R. Civ. P. 70](#), the Court enters this order, confirming the foreclosure sale of the Mortgage against the Property, conveying title to the Property to Florida Holdings 2204636, LLC, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title per Fla. Sta. Ann. § 45.11 *et seq.*

(2) Per Count II of the Complaint, as provided by the Decree, Plaintiff, its successors and assigns, are also entitled to possession of the Property, per an ancillary writ of possession. [Redding v. Stockton, Whatley, Davin & Co., 488 So. 2d 548 (Fla. 5th DCA 1986)](#).

(3) This order also constitutes a Writ of Possession, placing Florida Holdings 2204636, LLC in exclusive possession of the Property, enforceable by the U.S. Marshall and/or state law enforcement officers.

(4) The Defendants, occupants of the Property, and all others shall vacate the Property at the direction of the U.S. Marshall and/or local law enforcement officers and shall not commit waste, damage or vandalism against the Property

or do anything to impair its value.  Violations of these conditions may be punishable by contempt of court, as provided by the Decree.

(5) The Decree of Foreclosure and Order of Sale otherwise remains in effect.  The Court declines to retain jurisdiction over the enforcement of all orders entered in the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record